# United States Court of Appeals
## For the First Circuit

No. 21-1214

ÁNGEL FORTEZA-GARCÍA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Raúl M. Arias-Marxuach, U.S. District Judge]

Before

Barron, Chief Judge,
Montecalvo and Aframe, Circuit Judges.

Franco L. Pérez-Redondo, with whom Rachel Brill, Federal Public Defender, District of Puerto Rico, Héctor L. Ramos-Vega, Interim Federal Public Defender, District of Puerto Rico, and Kevin E. Lerman, Research and Writing Attorney, were on brief, for appellant.
Joshua K. Handell, with whom W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Ricardo A. Imbert-Fernández, Assistant United States Attorney, were on brief, for appellee.

March 3, 2025

**BARRON, Chief Judge**.  Ángel Forteza-García appeals the District Court's denial of his 28 U.S.C. § 2255 petition for post-conviction relief, in which he seeks relief from his conviction under 18 U.S.C. § 924(j).  That provision makes it a crime to "cause the death of a person through the use of a firearm" in the course of violating 18 U.S.C. § 924(c), which in turn criminalizes using or carrying a firearm "during and in relation to any crime of violence."  Forteza based his petition on United States v. Davis, 588 U.S. 445 (2019), which held unconstitutionally vague a portion of the definition of a "crime of violence" in § 924(c).  Forteza contends that, in consequence of Davis, the predicate conviction for his § 924(j) offense does not qualify as a "crime of violence," and thus that his conviction for that offense is unconstitutional.  We disagree and affirm.

I.

Section 924(c) makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime . . . for which the [perpetrator] may be prosecuted in a court of the United States," or to possess a firearm in furtherance of any such crime of violence or drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  Section 924(j) criminalizes anyone who, in the course of committing a violation of § 924(c), "causes the death of a person through the use of a firearm," with different penalties depending on whether that

killing would qualify as murder or manslaughter under federal law. Id. § 924(j).

So, to prove that a defendant has committed a violation of § 924(j), the government must prove not only that a killing occurred through the use of a firearm, but also that the killing occurred in the course of the defendant committing a "crime of violence or drug trafficking crime" within the meaning of § 924(c). The relevant definition of "crime of violence" for § 924(c) is set forth in § 924(c)(3). It provides that such a crime includes any felony offense that, under what is known as the force clause, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or that, under what is known as the residual clause, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3).

Forteza's § 924(j) conviction stems from an indictment that was handed up in the District of Puerto Rico in March 2003. The indictment charged him with five counts, though only two are relevant to this appeal.

The first relevant count ("Count One") charged Forteza with "aiding and abetting" a violation of 18 U.S.C. § 2114(a). Although often referred to as the federal mail robbery statute because it criminalizes the robbery of custodians of United States

- 4 -

mail, § 2114(a) also criminalizes the robbery of any person who has "lawful charge" of "any money or other property of the United States."  18 U.S.C. § 2114(a); see Garcia v. United States, 469 U.S. 70, 72-73 (1984).  The violation was alleged to have involved the assault of a government informant, who possessed money provided by the government for the purpose of effecting a controlled purchase of a firearm, with the intent to rob him.  This count further alleged that the victim of the assault was "wounded" and his life was "put . . . in jeopardy" when he was shot several times and ultimately died.

The other count that is relevant to this appeal ("Count Three") charged Forteza with "aiding and abetting" a violation of § 924(j).  It did so by alleging that the violation of § 2114(a) described in Count One was committed by the use or carrying of a firearm during the incident, and that "in the course of that crime of violence," the victim was "unlawfully killed . . . through the use of a firearm."

Forteza pleaded guilty in September 2003 only to Count Three, which had charged him with the § 924(j) offense.  In exchange for his guilty plea, the government agreed to drop the remaining four charges -- including the § 2114(a) charge -- and to recommend a sentence below the maximum term authorized for a violation of § 924(j).  Forteza was then sentenced to 324 months in prison, followed by five years of supervised release.

Forteza unsuccessfully appealed his conviction and sentence. United States v. Fortez[a]-García, Nos. 04-1215, 04-1398, 04-1216, 04-2458, 2006 WL 4399664 (1st Cir. Sept. 8, 2006). He then filed a petition for post-conviction relief under 28 U.S.C. § 2255 in the District of Puerto Rico in 2006.

The petition alleged that Forteza's conviction and sentence were unconstitutional due to prosecutorial and judicial misconduct and his having received ineffective assistance of counsel. The petition was denied. Forteza does not appear to have appealed that ruling.

In 2017, however, Forteza filed an application for permission to file a second petition for post-conviction relief under § 2255. He did so on the ground that his § 924(j) conviction was unconstitutional under intervening precedent of the Supreme Court of the United States in Davis, which was decided in 2019. There, the Court held that the portion of § 924(c)(3)'s "crime of violence" definition which encompassed any felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was unconstitutionally vague. Davis, 588 U.S. at 470.

This Court granted that application in 2020. Forteza thereafter filed the petition that is at issue in this appeal.

Forteza's petition alleges that, in consequence of Davis, his § 2114(a) offense can only properly support his § 924(j) conviction if it qualifies as a "crime of violence" under § 924(c)(3)(A)'s force clause. But, the petition further alleges, that offense does not so qualify, because § 2114(a) does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" that is required under § 924(c)(3)(A).

The District Court rejected this argument on the ground that the § 2114(a) offense of which Forteza had been convicted does have as an element the use of force contemplated by § 924(c)(3)(A). Forteza-García v. United States, No. 20-1145, 2021 WL 784875, at *6 (D.P.R. Feb. 26, 2021). In so ruling, the District Court also noted that any argument that Forteza's predicate offense would not so qualify under the force clause because he had been an accomplice to that offense, rather than a principal, was foreclosed by binding First Circuit precedent. Id. Finally, the District Court denied Forteza a certificate of appealability (COA) on his claim. Id.

Forteza requested a COA from this Court. We granted the request with respect to his claim that his § 924(j) conviction was unconstitutional under Davis.

## II.

"When reviewing a district court's denial of a § 2255 petition, we review the district court's legal conclusions de novo and any factual findings for clear error." Lassend v. United States, 898 F.3d 115, 122 (1st Cir. 2018) (citation omitted). "The question of whether an offense qualifies as a crime of violence is a quintessentially legal one[.]" United States v. Martinez, 762 F.3d 127, 133 (1st Cir. 2014) (citation omitted). The question of which offense serves as the defendant's purported predicate offense under the categorical approach, however, is a question of fact. Pereida v. Wilkinson, 592 U.S. 224, 238 (2021). Because this is a question of fact that we review for clear error, we will only disturb the District Court's findings if, after reviewing the whole record, we are left with "a strong, unyielding belief that a mistake has been made." See United States v. Fitzpatrick, 67 F.4th 497, 502 (1st Cir. 2023) (quoting United States v. Cintrón-Echautegui, 604 F.3d 1, 6 (1st Cir. 2010)).

## III.

Forteza agrees that he can succeed on his Davis-based challenge to the denial of his petition only if he can demonstrate that the § 2114(a) offense underlying his § 924(j) conviction does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3); see Mathis v. United States, 579 U.S. 500, 504

(2016); United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017); see also United States v. Collymore, 61 F.4th 295, 297 (2d Cir. 2023) (explaining that "because an element of an offense under section 924(j)(1) is that the defendant was 'in the course of a violation of [§ 924(c)],'" a predicate that does not qualify for the purposes of § 924(c) cannot qualify as a predicate for the purposes of § 924(j)).  But although Forteza contends that he can demonstrate just that, we conclude that he has failed to do so.

### A.

Section 2114(a)[1] provides as follows:

> (a) Assault.--A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.
> 18 U.S.C. § 2114(a).

The parties agree that § 2114(a) sets out at least two separate offenses -- a simple form of the offense and an aggravated

---

[1] Section 2114 also contains a second provision, subsection (b), but no party contends that this subsection was the basis of Forteza's § 2114 offense.

form of it.  Taylor, 848 F.3d at 492 (explaining that statutes which list multiple elements in the alternative are "divisible" into separate offenses under the categorical approach, meaning that some forms of the offense may have as an element the requisite force while other forms of the offense may not).  The parties' agreement, however, ends there with respect to the nature and number of offenses that § 2114 delineates.

As Forteza sees it, the text from § 2114(a) that is quoted above sets out only two offenses.  The first offense, in his view, is a single, indivisible, simple variant of a § 2114(a) offense, which is defined only by the text that precedes the semicolon in that statute.  The second offense, in his view, is also a single, indivisible offense, but it is defined by all the text following the semicolon, which sets forth an aggravated variant of the § 2114(a) offense.  As a result, he contends that, although the aggravated form of the § 2114(a) offense can be committed by wounding or placing the life of a custodian of federal property in jeopardy in the course of committing simple § 2114(a), it also can be committed by committing the simple form of the § 2114(a) offense more than once.  Forteza then argues that, because the simple form of mail robbery set forth in § 2114(a) can be committed without using the force required under § 924(c)(3), that § 2114(a) offense does not qualify as a "crime of violence" under the definition of a "crime of violence" that provision sets

forth.  And he goes on to argue that it follows that, because the aggravated variant of the § 2114(a) offense can be committed by merely committing the simple variant of the § 2114(a) offense twice, the aggravated form of the § 2114(a) offense also fails to qualify as a "crime of violence" that could support his § 924(j) conviction.

According to the government, however, the text in § 2114(a) that precedes the semicolon sets out three distinct simple variants of the § 2114(a) offense: the first predicated on robbery of a custodian of federal property, the second predicated on assault of that custodian with intent to rob, and the third predicated on attempted robbery of that custodian.  The government then goes on to contend that the text after the semicolon sets out two distinct aggravated variants of the § 2114(a) offense.  The first of those offenses, according to the government, is for an offense in which a person wounds the custodian while committing the simple § 2114(a) offense.  The second of those offenses, according to the government, is for an offense in which a person places that custodian's life in jeopardy by the use of a dangerous weapon.  Finally, the government argues that the remaining text after the semicolon sets forth not a separate § 2114(a) offense but merely a sentencing factor, which enhances the sentence for any § 2114(a) offense -- whether a simple or aggravated variant of

such an offense -- based on the defendant having violated § 2114(a) more than once.

From this premise, the government argues that each of the robbery-, wounding-, and placing-life-in-jeopardy-based § 2114(a) offenses has as an element the use of force that is required for an offense to qualify as a "crime of violence" under § 924(c)(3)(A).  As a result, in the government's view, so long as Forteza's predicate § 2114(a) offense was for one of these kinds of § 2114(a) offenses, it was for an offense that suffices to support Forteza's § 924(j) conviction because it was for a "crime of violence" within the meaning of § 924(c)(3).

Against this backdrop, we begin with Forteza's contention that, because it is not clear from the record whether his predicate offense was based on the simple or aggravated variant of the § 2114(a) offense,[2] the District Court was obliged to treat his predicate offense as being for the simple rather than the aggravated form of the offense and thus to conclude that it did not qualify as a "crime of violence."  Because we conclude that

---

[2] The government contends that Forteza's challenge to the District Court's finding that he was convicted of aggravated mail robbery is "underdeveloped" and thus waived.  But, because we find the "simplest way to decide" Forteza's challenge on this ground is to proceed to the merits, we do so here.  See, e.g., United States v. Grullon, 996 F.3d 21, 32 (1st Cir. 2021) (quoting United States v. McCullock, 991 F.3d 313, 322 (1st Cir. 2021)).

there is no merit to this contention, we then proceed to address Forteza's fallback contentions.

**B.**

Forteza begins with the point that the only count of his indictment that he pleaded guilty to was Count Three, which charged him with violating § 924(j). See United States v. Faust, 853 F.3d 39, 53 (1st Cir. 2017) (holding that a court may look to a defendant's "charging document, written plea agreement, transcript of [their] plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," to determine which offense under a divisible statute formed the basis of the defendant's predicate (quoting Shepard v. United States, 544 U.S. 13, 16 (2005))). Count Three, to which he pleaded guilty, alleges that Forteza and his codefendants:

> [A]iding and abetting each other, did willfully, intentionally, and unlawfully possess, use or carry a firearm during and in relation to a crime of violence, . . . that is, assaulting an individual who lawfully had charge, control, or custody of money of the United States, with intent to rob, steal, or purloin said money, as set forth in COUNT ONE herein, which is realleged and incorporated by reference herein, . . . and, in the course of that crime of violence, the defendants herein unlawfully killed [the victim] with malice and aforethought through the use of a firearm, . . . by knowingly, willfully, deliberately and maliciously and with premeditation shooting [the victim] with a firearm thus causing his death . . . .

Forteza argues that, because there is no reference in this count to any potentially aggravating element (or elements) of § 2114(a) -- that is, to wounding the victim, placing his life in jeopardy, or committing more than one § 2114(a) offense -- the count does not make clear that the predicate offense underlying his § 924(j) conviction was for anything other than the simple form of the § 2114(a) offense.  Thus, he contends, the District Court was required to treat his predicate § 2114(a) offense as if it were for the less serious form of the offense and so was for a simple rather than an aggravated form of the § 2114(a) offense.

Moreover, Forteza contends that the District Court's contrary conclusion is mistaken insofar as it rests on the references in the text quoted above from Count Three to a firearm and to the shooting and killing of the victim.  He contends that those references in the text of Count Three do not establish that he pleaded guilty to any element (or elements) of having wounded or placed the life of the victim in jeopardy with respect to an aggravated form of a § 2114(a) offense.  Instead, he contends, those references were made with respect to establishing that he pleaded guilty to the elements of the § 924(j) offense, which requires that the government establish the death of a victim caused by a firearm.

Finally, Forteza disputes that the text of Count One of the indictment -- the count charging his § 2114(a) offense -- is

incorporated into the text of Count Three.  But, he contends, even if that text from Count One is in fact incorporated into Count Three, the text of Count One does not itself reference any particular aggravating element of § 2114(a).  Thus, he contends that text cannot support the conclusion that, because the record establishes that he pleaded guilty to Count Three, the record establishes that his predicate § 2114(a) offense was for an aggravated rather than a simple form of that offense.

      Forteza, however, is not correct about the contents of the text of Count One.  That text does specifically allege that, in the course of committing the § 2114(a) violation, he and his codefendants "<u>wounded [the victim]</u>, the custodian of said money and <u>put [the victim's] life in jeopardy, by shooting [him] several times</u> and causing his death."  (Emphasis added).  The underlined portions of that text clearly reference the portion of § 2114(a)'s text that describes wounding or placing a victim's life in jeopardy by the use of a dangerous weapon.  See 18 U.S.C. § 2114(a).

      Forteza, therefore, can only succeed in arguing that the record is not clear as to the nature of his predicate § 2114(a) offense if the language in Count One concerning his § 2114(a) offense is not incorporated by reference into the count to which he pleaded guilty, which is Count Three.  But, although the District Court did not make any explicit finding as to whether the language of Count One was incorporated into Count Three, the record

incorporated into the text of Count Three.  But, he contends, even if that text from Count One is in fact incorporated into Count Three, the text of Count One does not itself reference any particular aggravating element of § 2114(a).  Thus, he contends that text cannot support the conclusion that, because the record establishes that he pleaded guilty to Count Three, the record establishes that his predicate § 2114(a) offense was for an aggravated rather than a simple form of that offense.

Forteza, however, is not correct about the contents of the text of Count One.  That text does specifically allege that, in the course of committing the § 2114(a) violation, he and his codefendants "<u>wounded [the victim]</u>, the custodian of said money and <u>put [the victim's] life in jeopardy, by shooting [him] several times</u> and causing his death."  (Emphasis added).  The underlined portions of that text clearly reference the portion of § 2114(a)'s text that describes wounding or placing a victim's life in jeopardy by the use of a dangerous weapon.  See 18 U.S.C. § 2114(a).

Forteza, therefore, can only succeed in arguing that the record is not clear as to the nature of his predicate § 2114(a) offense if the language in Count One concerning his § 2114(a) offense is not incorporated by reference into the count to which he pleaded guilty, which is Count Three.  But, although the District Court did not make any explicit finding as to whether the language of Count One was incorporated into Count Three, the record

makes clear that the language of Count One was so incorporated. See Pullman-Standard v. Swint, 456 U.S. 273, 291-92 (1982) (holding that appellate courts should remand to the district court to make "missing findings . . . unless the record permits only one resolution of the factual issue").

Count Three -- the § 924(j) count to which Forteza pleaded guilty -- states that the crime of violence underlying the § 924(j) charge is "assaulting an individual who lawfully had charge, control, or custody of money of the United States, with intent to rob, steal, or purloin said money, as set forth in COUNT ONE [of the indictment] herein, which is realleged and incorporated by reference herein."  (Emphasis added).  In addition, at the change-of-plea hearing, the sentencing judge confirmed that the predicate offense underlying the § 924(j) charge was the § 2114(a) charge "as [was] further described in the main count of the indictment, [C]ount [O]ne."

Forteza does argue that this conclusion is foreclosed by the language in the plea agreement that states that the agreement "constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel," and further that the "United States has made no promises or representations except as set forth in writing in this plea agreement and deny [sic] the existence of any other term and conditions not stated herein."  But that is not so.  The language of Count One is part

- 16 -

of -- and so within the four corners of -- the plea agreement itself precisely because it is expressly incorporated into Count Three by that count's plain terms.[3]  It is thus clear that Forteza's predicate § 2114(a) offense was based on his having aided and abetted a violation of § 2114(a) that involved placing the life of the victim in jeopardy by the use of a dangerous weapon and wounding that victim.  Thus, it is clear from the record that his § 2114(a) offense was for an aggravated rather than a simple form of that offense, such that his challenge based on the offense having been for a simple form of that offense necessarily fails.

### c.

Forteza does separately contend that the aggravated form of § 2114(a) is indivisible as between wounding, placing life in jeopardy, and the repeated commission of the simple form of the § 2114(a) offense.  Thus, he contends that even the aggravated form of the § 2114(a) offense charged in Count One does not qualify as a "crime of violence," precisely because the simple form of that offense does not.  But we have rejected this exact argument in Rojas-Tapia v. United States, __ F.4th __ [slip op. at 18-22] (1st Cir. 2024) [Nos. 20-1514, 20-1735].[4]  Nor does Forteza develop

---

[3] Though Forteza is correct that the transcript of the change-of-plea colloquy did not contain any mention of a wounding or placing-life-in-jeopardy aggravator of § 2114(a), he makes no argument that this should trump any explicit reference to such aggravators in the incorporated language of the plea agreement.

[4] Because we reject Forteza's argument about the indivisible

- 17 -

any other argument as to why we must conclude that the District Court was wrong to hold that the aggravated variant of the § 2114(a) offense with which he was charged would qualify as a crime of violence under § 924(c)'s force clause.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (deeming issue waived where party makes no "effort at developed argumentation").

**D.**

There remains, then, only Forteza's final ground for challenging his § 924(j) conviction.  Here, he contends that, even if his predicate § 2114(a) offense would qualify as a crime of violence under § 924(c)'s force clause when committed by a principal, it does not so qualify here because he committed that offense as an aider and abettor.  See 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.").  But we have also rejected this argument in Rojas-Tapia.  See Rojas-Tapia, __ F.4th at __ [slip op. at 26-35].  We thus must reject this aspect of his challenge to the District Court's decision to deny his habeas petition as well.

---

nature of the aggravated form of the § 2114(a) offense on the merits, we need not address the government's contentions that he waived this argument both below and on appeal.  See, e.g., Grullon, 996 F.3d at 32.

- 19 -

**IV.**

The decision of the District Court is **affirmed**.